**Electronically Filed
Intermediate Court of Appeals
30257
30-DEC-2010
10:56 AM**

NO.  30257

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE INTEREST OF KC


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 07-11559)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley, Leonard, JJ.)

Father-Appellant (Father) and Mother-Cross-Appellant (Mother) appeal from the "Order Awarding Permanent Custody" (Permanent Custody Order) filed on December 11, 2009, in the Family Court of the First Circuit (family court).[1]  The Permanent Custody Order terminated the parental rights of Mother and Father to KC, their child, and awarded permanent custody of KC to the Department of Human Services (DHS).

On appeal, Father and Mother contend that the family court erred in ruling that each parent was not presently willing and able, and it was not reasonably foreseeable that each parent would become willing and able within a reasonable period of time, to provide KC with a safe family home.  Father and Mother challenge various findings of fact and conclusions of law made by the family court in support of its ruling.  We affirm.

---

[1] The Honorable Bode A. Uale presided over the proceedings at issue in this appeal.

I.

Mother twice tested positive for crystal methamphetamine while pregnant with KC. KC was placed in protective custody shortly after birth but was returned to family supervision and resided with Father and Mother. When KC was less than two months old, DHS became aware of domestic violence by Father against Mother. Mother refused DHS's request that she remove herself and KC from the home. Instead, Mother and Father agreed to have DHS place KC in foster care. In October 2007, the family court awarded foster custody over KC to DHS. In November 2007, KC was placed with Mother under family supervision after Mother was admitted to a residential drug treatment program. In November 2008, the family court returned KC to foster custody after Mother relapsed on drugs and tested positive for methamphetamine. In November 2009, the family court held a trial on DHS's motion for order awarding permanent custody (Permanent Custody Motion).

II.

The family court did not err in terminating Father's parental rights. DHS established by clear and convincing evidence that Father was not presently willing and able, and it was not reasonably foreseeable that he would become willing and able within a reasonable period of time, to provide KC with a safe family home. See Hawaii Revised Statutes (HRS) § 587-73 (2006 & Supp. 2009)

Father has a history of drug use, specifically crystal methamphetamine, dating back to when he was nineteen years old. Father tested positive for methamphetamine four times since the case was opened in October 2007. Father admitted that he had used drugs as recently as one and a half months before the November 2009 trial held on DHS's Permanent Custody Motion. Father had not completed any substance abuse treatment program, and he only began substance abuse treatment one and a half months

2

before the trial despite the case being open for two years. Father could not provide a date for when he would be eligible for a clinical discharge from the substance abuse treatment program. Although Father completed anger management classes, Father demonstrated that he did not apply what was taught when he left two threatening messages for a social worker.

III.

The family court did not err in terminating Mother's parental rights. DHS established by clear and convincing evidence that Mother was not presently willing and able, and it was not reasonably foreseeable that she would become willing and able within a reasonable period of time, to provide KC with a safe family home. See HRS § 587-73.

At the time of trial, Mother had a twenty-five year history of substance abuse, including use of alcohol beginning at age thirteen and crystal methamphetamine beginning at age fourteen. Mother's parental rights had been terminated with respect to her four other children who are older than KC. Mother tested positive for crystal methamphetamine while pregnant with KC and later admitted to using drugs during the pregnancy. Mother had failed to obtain clinical discharge from numerous substance abuse programs in which she has participated since 1999. Mother relapsed by using methamphetamine on five occasions between August 2007 and December 2008, and she failed to appear for drugs tests in August 2007 and September 2009. Mother was unsuccessful in her Family Drug Court participation and was discharged from that program in February 2009.

The record reflects Mother's inability to remain clean and sober despite extensive participation in substance abuse treatment and services. Her relationship with Father was marked by domestic violence, and she stated that she and Father had to

3

be "high on ice" to be together.[2/]  There is substantial evidence in the record to support the family court's findings and its decision to terminate Mother's parental rights.

On appeal, Mother contends that the family court erred because she had made recent progress to overcome her history of substance abuse.  In support of her argument, Mother refers to certain alleged positive achievements and improvements in her drug treatment that occurred after the family court entered its Permanent Custody Order and which were not based on evidence in the record.  We cannot consider matters that are not part of the record.  See Hawai'i Rules of Appellate Procedure Rules 10(a) (2009) and 28(b) (2008); Casumpang v. ILWU Local 142, 108 Hawai'i 411, 420, 121 P.3d 391, 400 (2005) (concluding that appellate court cannot consider matters that were not properly introduced into the record); State v. Moses, 102 Hawai'i 449, 455, 77 P.3d 940, 946 (2003) (stating that an appellate court "cannot consider evidence outside the record").

Mother did present evidence at trial, which is part of the record, of recent progress she had made in drug treatment.  However, Mother has a history of doing well in drug treatment for a period of time, only to relapse into drug abuse.  The family court was entitle to consider Mother's long history of chronic drug abuse, her numerous failures to obtain clinical discharge from substance abuse programs, and her pattern of relapsing in rendering its decision.  Contrary to Mother's contention, we conclude that DHS established by clear and convincing evidence that Mother would not become willing and able within a reasonable period of time to provide KC with a safe family home.

---

[2/] At trial, both Mother and Father testified that they are no longer in a relationship.

IV.

We affirm the "Order Awarding Permanent Custody" filed by the family court on December 11, 2009.

DATED:   Honolulu, Hawai'i, December 30, 2010.

On the briefs:

Patrick K. Shea
Attorney for Father-Appellant

Patricia A. Brady
Attorney for Mother-Cross-Appellant

Dorothy Sellers
Solicitor General
Kimberly Tsumoto Guidry
Deputy Solicitor General
Department of the Attorney General
for Petitioner-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

Associate Judge